## EUGENE A. TOWLE AND OTHERS v. FIRST TRUST COMPANY OF SAINT PAUL AND OTHERS.[1]

May 31, 1935.

No. 30,337.

*William C. Green* and *Sullivan, Roche, Johnson & Barry,* for appellant.

*Ira C. Oehler* and *Frederick G. Ingersoll,* for respondents.

HOLT, JUSTICE.

Action under the declaratory judgment act. Appeal by Edwin DeHaven Towle from the order denying a new trial.

The construction of a trust agreement is presented by the appeal. Mary E. Walsh and Eugene A. Towle, plaintiffs herein, in November, 1927, paid to the predecessor of the defendant trust company $80,000, upon the company executing and delivering a declaration of trust, the terms of which, pertinent to the questions to be decided, are, in substance:

[1]Reported in 261 N. W. 5.

The trustee shall invest all of the trust fund in good interest-bearing securities, yielding on the average five per cent per annum, and, after paying reasonable expenses, shall pay over the net annual income therefrom in monthly instalments to Frank I. Towle, brother of the settlors, during the full period of his natural life. "From and after the death of the said Frank I. Towle the trustee shall pay over the net annual income arising from this trust in equal shares and in monthly instalments or at other convenient intervals to William Clark Towle and Frank I. Towle, Jr., sons of the said Frank I. Towle, so long as they shall live. Should either of said sons die leaving issue of his surviving him and the said Frank I. Towle, then upon the death of the survivor of such son and the said Frank I. Towle the trustee shall assign, transfer, convey and pay over unto such then surviving issue, per stirpes and not per capita, the one half share of the corpus of this trust, or the whole thereof if the other of said sons shall be dead without issue then surviving; but should either of said sons die without leaving issue who shall survive said sons and said Frank I. Towle then upon the death of the survivor of such son and the said Frank I. Towle and thereafter the share of such deceased brother shall be administered for the benefit of the surviving brother as hereinbefore provided and upon his death shall be distributed among his issue, per stirpes and not per capita; but should no issue of either of said sons be living upon the death of the survivor of said sons and of Frank I. Towle, then and thereupon the trustee shall assign, transfer, convey and pay over the whole of said trust estate to the settlors of this trust in the proportions in which they have contributed thereto and to their heirs, legatees, representatives and assigns."

In December, 1927, Frank I. Towle married plaintiff Beatrice B. Towle, and thereafter, in June, 1930, the settlors and Frank I. Towle, Jr. and William Clark Towle and the trustee entered an agreement that one-third of the income from the trust after the death of Frank I. Towle should be paid to Beatrice as long as she lives and remains the unmarried widow of Frank I. Towle. Subsequent to the making of the last agreement, one signer thereof, the

son William Clark Towle, died, leaving as his only issue a son, Edwin DeHaven Towle, a minor ten years of age, who, by his guardian *ad litem*, appeals from the decision herein.

The two main contentions on the appeal are: (a) The declaration of trust is to be so construed that upon the death of Frank I. Towle the trustee shall assign and transfer one-half of the corpus of the trust to Edwin DeHaven Towle, and (b) after the death of said Frank I. Towle, Beatrice would share with Frank I. Towle, Jr. the half of the annual income from the trust. The court below made findings of fact and conclusions of law. The conclusions of law affecting Edwin DeHaven Towle are only these: (1) That no division or distribution of any part of the corpus of said trust fund shall be made prior to the termination of the trust on the death of the survivor of Frank I. Towle and Frank I. Towle, Jr.; (2) that no persons other than Frank I. Towle, Frank I. Towle, Jr., and Beatrice B. Towle have any present or future interest in the income from said trust fund.

To give effect to a written instrument the intent and meaning of the parties thereto must be gathered from the words and language thereof. If from a consideration of the whole instrument the meaning is clear, there is no need to go outside the writing. If some uncertainty or ambiguity arises from isolated phrases, the situation of the parties at the time the instrument was executed may remove such uncertainty or ambiguity. Other evidence *dehors* the instrument may be resorted to for the same purpose. In the instant case we have no difficulty in arriving at the same conclusion as the learned trial court did from a consideration of only the language used in the declaration of trust. It is clear that the second above quoted sentence of the trust instrument deals with a disposition of the corpus of the trust estate in the event of three contingencies: (a) The death of both sons prior to the father with issue of the sons or one of them then living; (b) the death of one son prior to the father and one him surviving, the prior deceased son leaving no living issue at the father's death; and (c) death of all three of the income beneficiaries with no issue of either son

living at the time of the father's death. The first and the last clauses in said second sentence are so clear and certain that there is no room for construction. By the first clause no part of the trust estate or fund may be assigned to the issue of a deceased son until the surviving son and his father, Frank I. Towle, are both dead. The language is:

"Should either of said sons die leaving issue of his surviving him and the said Frank I. Towle, then upon the death of the *survivor* of such son and the said Frank I. Towle the trustee shall assign," etc.

By the word we have italicized it is made plain that the trust fund must be kept intact until all the income beneficiaries are dead. It must be admitted that the language in the middle clause is not as lucid as might be desired; but, as above indicated, it provides for the contingency of the father dying after the death of one son and before the death of the other, in this language:

"but should either of said sons die without leaving issue who shall survive said *sons* and said Frank I. Towle then upon the death of the survivor of such son and the said Frank I. Towle and thereafter the share of such deceased brother shall be administered for the benefit of the surviving brother as hereinbefore provided and upon his death shall be distributed among his issue," etc.

Appellant suggests that the word "sons," italicized by us, is an error of the scrivener and should be read "son." We cannot concur in the suggestion. For we think it clear that no issue of a deceased son of Frank I. Towle takes any share in the trust fund unless such issue survives both Frank I. Towle and the survivor of the sons. Upon the death of Frank I. Towle, Frank I. Towle, Jr. takes according to this provision the share of his deceased brother, William Clark Towle. The share of William Clark Towle was nothing other or more than the right to one-half of the income from the trust fund. He had no interest in or to the trust estate. The plain intention is that, after the death of the father and the one son, the whole income shall go to the surviving son for life. By the subsequent contract Frank I. Towle, Jr. has assigned one-half thereof to Beatrice B. Towle, but that does not affect any right of appellant,

for he has no prospective claim to the income from the trust fund. He is only to share in the corpus of the estate if alive at the death of his uncle and grandfather, the life beneficiaries of the income.

Having arrived at the same construction of the trust agreement as did the court below from a consideration of the instrument alone, we need not pass upon the assignments of error challenging certain findings of fact as not sustained by the evidence and the reception of the testimony of one of the settlors of the trust as to his intentions regarding the income after the death of one of the sons and the father.

Whether appellant should be allowed any sum out of the income for attorney's fees in this appeal is left to judgment of the court below.

The order is affirmed.